UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SCHRADER,

        Plaintiff,

vs.                            Case No. 2:04-cv-273-FtM-29SPC

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #17) recommending that the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. #7) be granted. Plaintiff filed Objections (Doc. #20) to the Report and Recommendation on January 24, 2005.

**I.**

Plaintiff filed an application for disability insurance benefits, which was denied initially and upon reconsideration. While the application and the initial denial are not yet part of the record before the court, the Explanation of Determination attached to the July 25, 2003, Notice of Reconsideration states that plaintiff asserted he was unable to work because of an amputation of his left leg below the knee and seizure disorder. The Commissioner's representative found that the medical evidence

did not show that plaintiff was disabled as of December 31, 2002, the last date of his insured status, because he was capable of performing sales work as it is generally performed. The Notice of Reconsideration informed plaintiff of his right to request a hearing before an Administrative Law Judge (ALJ) if he disagreed with the decision, advised that he had sixty (60) days to ask for a hearing in writing, stated that the sixty days started the day after he received the Notice of Reconsideration, which was assumed to be five days after its date unless plaintiff showed he did not receive it within that period, and stated that he must have a good reason if he waited more than sixty days to ask for a hearing.

The October 4, 2003, deadline passed without a request for a hearing. On November 5, 2003, plaintiff submitted a request for a hearing before an ALJ. Plaintiff stated that he was late in filing the request due to a grand mal seizure due to epilepsy on May 7, 2003, which resulted in a torn rotator cuff in his right shoulder, severe memory loss, and severe pain. Plaintiff then summarized the events related to the medical treatment for the torn rotator cuff.

In correspondence dated November 10, 2003, the Social Security office advised plaintiff that his request for a hearing was filed after the October 4, 2003, deadline, and enclosed a form allowing plaintiff the opportunity to show good cause for the late filing within ten days.

In a December 16, 2003 Order of Dismissal, an ALJ stated that he had reviewed the file and found insufficient evidence to establish good cause for the late filing. The ALJ therefore dismissed plaintiff's request for a hearing, and noted that the July 25, 2003 reconsidered denial of benefits remained in effect. Plaintiff, now represented by counsel, appealed the dismissal to the Appeals Council, which upheld the dismissal.

Plaintiff then filed his judicial Complaint (Doc. #1) seeking judicial review of the "final decision" dismissing his request for an administrative hearing. The Commissioner filed a Motion to Dismiss asserting that there was no final decision by the Commissioner within the meaning of 42 U.S.C. § 405(g), plaintiff had failed to exhaust his administrative remedies, and that a district court therefore lacked subject matter jurisdiction. Plaintiff responded that he had raised a colorable constitutional claim, and therefore administrative exhaustion was waived as a matter of law.

**II.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Crawford, 363

F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Legal determinations are reviewed *de novo*. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn ex rel. Shinn v. Commissioner of Social Security, 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

After conducting an independent examination of the file and upon due consideration of the report and recommendation and objections, the Court accepts and adopts the Report and recommendation of the magistrate judge.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #17) is accepted and adopted, and the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. #7) is **GRANTED.**

2. The Clerk of the Court shall enter judgment dismissing the case. The Clerk shall further terminate all pending deadlines as moot and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of October, 2005.

                                                                                  *John E. Steele*
                                                                                  JOHN E. STEELE
                                                                                  United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge